FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DON N. MARTIN, JR., <br><br> Petitioner, <br><br> v. <br><br> SARAH MEREDITH, <br><br> Respondent. | No. 1:25-CV-03112-MKD <br><br> ORDER DISMISSING PETITION <br><br> **ECF Nos. 3, 4, 5** |

Before the Court is Plaintiff's *pro se* Petition for Writ of Habeas Corpus filed on behalf of his minor children. ECF No. 1. Having reviewed Plaintiff's Petition liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court summarily dismisses the Petition. *See* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action); Rule 4 of Rules

ORDER - 1

Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief).

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) (cleaned up). The Court lacks subject matter jurisdiction to entertain the Petition. Under 28 U.S.C. § 2254, a federal court "shall entertain an application for a writ of habeas corpus … only on the ground that [the applicant] is in custody in violation of the Constitution or the laws or treaties of the United States." Petitioner's children are not in "custody" as required by the habeas statutes. *See Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 512-16 (1982) ("extending the federal writ to challenges to state child-custody decisions— challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts"); *see also Bell v. Dep't of Soc. & Health Servs.*, 382 F. App'x. 669, 670 (9th Cir. 2010) (affirming district court's ruling that it lacked jurisdiction to adjudicate habeas petitioner's challenge to constitutionality of state's termination of his parental rights and placement of his children in foster facilities); *Cucalon v. Rice*, 317 F. App'x 602, 603 (9th Cir. 2008) ("state court judgments concerning child custody matters are beyond the purview of habeas corpus"). Because

ORDER - 2

Petitioner's children are not in "custody," the Court lacks jurisdiction over Petitioner's petition.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Petition, **ECF No. 1**, is summarily **DISMISSED with prejudice** pursuant to 28 U.S.C. § 2243.

2. Petitioner's Motion to Authorize Service, **ECF No. 3**, Emergency Motion for Immediate Relief**, ECF No. 4**, and Motion for Appointment of Pro Bono Counsel, **ECF No. 5**, are **DENIED as moot.**

3. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to Petitioner, and **CLOSE THE FILE**.

DATED July 17, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3